**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1345

FLORI VASILIU,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

---

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Selya, <u>Circuit Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
Lynch, <u>Circuit Judge</u>.

---

<u>Namir M. Daman</u> on brief for petitioner.

<u>John C. Cunningham</u>, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, <u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, and <u>Linda S. Wendtland</u>, Assistant Director, on brief for respondent.

---

March 8, 2005

---

**LYNCH**, **Circuit Judge**.  We review a denial of asylum and withholding of removal.  Flori Vasiliu, an Albanian citizen and member of the Democratic Party there, was beaten near his home on October 17, 2000, by two civilians, one of whom was an off-duty police officer.  He contends this was in retaliation for his activities as a Democratic Party election monitor in his town's elections on October 1, 2000, during which he accused members of the Socialist Party of committing election fraud.

He entered the United States illegally on November 29, 2000, and on September 28, 2001 applied for asylum.  He was charged with removability, and at an initial hearing he conceded removability and renewed his request for asylum based on claims of past and future persecution by the ruling Socialist Party as a result of his political affiliation.  In addition, he requested withholding of removal and protection under the Convention Against Torture and, in the alternative, voluntary departure.  He had a removal hearing on October 18, 2002, and the Immigration Judge (IJ) that day denied his claims for asylum and withholding of removal, but granted Vasiliu voluntary departure.

The Board of Immigration Appeals (BIA) summarily affirmed on February 5, 2004, which renders the IJ's decision the final order for purposes of the petition for review now before us. Albathani v. INS, 318 F.3d 365, 373 (1st Cir. 2003).

Vasiliu argues that the IJ erred in finding he had not

met his burden of proving eligibility for asylum as a result of persecution he endured, and expects to endure should he return to Albania.

It was petitioner's burden to establish that he met the criteria for asylum by establishing that he (1) suffered past persecution or (2) has a well founded fear of future persecution, based on petitioner's race, religion, nationality, membership in a particular social group, or political opinion, and that petitioner is unable or unwilling to return to or avail himself of the protection of that country because of such persecution. See 8 C.F.R. § 1208.13(a)-(b). As to his claim of past persecution, the IJ found that Vasiliu did not show that the beating he received was by the government or a group the government could not control. Silva v. Ashcroft, 394 F.3d 1, 7 (1st Cir. 2005) ("Action by non-governmental actors can undergird a claim of persecution only if there is some showing that the alleged persecutors are in league with the government or are not controllable by the government."). Vasiliu was beaten by two civilians, one of whom he recognized as a police officer from his town. The IJ found that the officer was in plain clothes and not acting in an official capacity, and that there was not adequate evidence to find that this one beating was in relation to his activities as an election worker, but rather was more "in the nature of a personal vendetta." This finding is supported by the evidence. Vasiliu's affidavit submitted with his

-3-

request for asylum does not state that the men who assaulted him mentioned that the beating was in response to his activities as an election worker for the Democratic Party, though he asserted this was so in testimony. Further, Vasiliu made no attempt to contact the authorities after this assault. He explained this decision by claiming that the authorities were also members of the Socialist Party and so, he assumed, would not help. Finally, Vasiliu's claim is belied by the fact that his parents and sister, all of whom opposed the governing Socialist Party, have remained in Albania and have been safe and free from any persecution by the government, or any other members of the Socialist Party.

As to Vasiliu's claim of fear of future persecution, the IJ concluded that Vasiliu had not shown that he could not safely live elsewhere in Albania and, thus, had not demonstrated that a reasonable person in his position would fear persecution if returned to Albania. See Mukamusoni v. Ashcroft, 390 F.3d 110, 120 (1st Cir. 2004) ("[T]o show a well-founded fear of future persecution," an applicant must show "that [his] fear is reasonable."). Vasiliu made no effort to relocate elsewhere, testifying vaguely that "[e]verywhere I would go, they would find me." Vasiliu's claimed fear of future persecution is also belied by the fact that, in the four years since he left, his sister and parents have remained there free from any harm. Further, having held that the IJ's finding that Vasiliu's beating was not

-4-

necessarily related to his actions as an election worker was supported by substantial evidence, there is no support for the notion that Vasiliu is now in danger of persecution across all of Albania.

Contrary to Vasiliu's assertion, the IJ did not commit an error of law in finding that he had not met his burden of proving eligibility for asylum.[1]  The IJ and BIA decisions are **<u>affirmed</u>**.

---

[1]Because we hold that Vasiliu failed to satisfy the standard for asylum, he <u>a fortiori</u> cannot satisfy the more stringent withholding of removal standard. <u>See</u> <u>Romilus</u> v. <u>Ashcroft</u>, 385 F.3d 1, 8 (1st Cir. 2004).  Further, since Vasiliu has not shown that he would be tortured at the hands of the government or with its acquiescence upon return to Albania, he cannot meet his burden for relief under the Convention Against Torture.  <u>Id.</u>